SCHOOL DISTRICT No. 36 IN YORK COUNTY, PLAINTIFF IN ERROR, v. JOHN MCINTIE, DEFENDANT IN ERROR.

1. **Pleading**: DEPARTURE. In an action of replevin commenced and tried before a justice of the peace, no bill of particulars was filed by the plaintiff, nor objection made by the defendant on that account. On appeal to the district court the plaintiff filed its petition, in which the property replevied was described differently from the description thereof in the plaintiff's affidavit in the justice's court. *Held*, No departure.

2. **Replevin**: PRACTICE. The affidavit in an action of replevin before a justice of the peace described the property as "one school-house about 14x24 feet in size, composed of sod and lumber, now situated on the south-west quarter of section 29," etc. On appeal to the district court plaintiff filed its petition, in which the property is described as "All the boards, planks, and lumber, and windows, benches, doors, and desks, which form a part of a certain school-house composed partly of sod and dirt, and partly of lumber, the dimensions of said school-house being about 24 feet in length, and 14 feet in width, and situate on the south-west quarter of section 29," etc. *Held*, Not to set forth a different cause of action.

3. **Pleadings in District Court on Appeal from Justice of the Peace.** In an action in the district court on appeal from a justice of the peace, the plaintiff filed its petition, to which the defendant filed his answer in the nature of a plea of the general issue, and afterwards filed a motion to strike the said petition from the files "for the reason that the said petition contains and sets forth a different cause of action than that set forth in the court below," which motion was sustained. *Held*, Error.

ERROR to the district court for York county. Tried below before POST, J.

*George B. France,* for plaintiff in error.

*W. T. Scott,* for defendant in error.

COBB, J.

This is an action of replevin originally commenced before a justice of the peace. The plaintiff, by its treasurer,

made and filed the usual affidavit in replevin, in which the property is described as "one school-house, about 14x24 ft. in size, composed of sod and lumber, now situated on the south-west quarter of section twenty-nine," etc.   Upon the return day of the writ, the parties appeared and went to trial without the plaintiff filing any bill of particulars or the attention of the court being called thereto.   Nor did the defendant make any answer or denial whatever in the case.   The verdict and judgment in the justice's court being for the defendant, the plaintiff appealed to the district court.   In the district court the plaintiff filed its petition in the usual form, in which the property is described as "all the boards, planks, and lumber, and windows, benches, doors, and desks which form a part of a certain school-house composed partly of sod and dirt and partly of lumber, the dimensions of said school-house being about 24 feet in length and 14 feet in width, and situate upon the south-west quarter of section twenty-nine," etc.   Said petition was filed the eleventh day of September, 1880; its filing out of time being waived in writing by the attorney for the defendant.   On the twenty-ninth day of September, 1880, the defendant filed his answer in said action, consisting of a general denial.   On the twentieth day of December, 1880, defendant filed his motion to dismiss the appeal, assigning six several grounds, which, after argument and consideration, was overruled.   Afterwards, on the same day, the defendant filed his motion to strike the plaintiff's petition from the files of the court, "for the reason that said petition contains and sets forth a different cause of action than that set forth in the court below," which motion was sustained.   Finally, after two continuances, on the third day of May, 1882, the cause came on to trial to a jury.

It appears that the plaintiff *asked the privilege* of opening the case to the jury, which was denied by the court, to which plaintiff excepted.   " Plaintiff then asked the *privi-*

*lege of introducing* witnesses to prove the right of property and to prove that the right of property is not in the defendant," which was by the court denied, and exception taken. Witnesses for the defendant were then sworn, and testified, and witnesses for the plaintiff were permitted to give testimony only in rebuttal.

The jury having returned their verdict in favor of the defendant, a motion for a new trial on the part of the plaintiff having been overruled and judgment rendered against it, it brings the cause to this court on error.

.There are several errors assigned, but one of which will be considered. The ground upon which the motion to strike the plaintiff's petition from the files was, "that said petition contains and sets forth a different cause of action than that set forth in the court below." There having been no pleading or bill of particulars filed by either party in the justice's court, the person drafting the motion must have referred to the description of the property contained in the original affidavit of William Search, treasurer of the plaintiff, upon which the order of replevin was issued. This affidavit is not a pleading, nor does it stand in the place of one. Had the plaintiff been held to a strict compliance with the law and required to file his bill of particulars in the justice's court, such bill of particulars must have conformed substantially to the affidavit, otherwise the affidavit may have been quashed on motion, but it is the bill of particulars and not the affidavit that will control on a question of departure. And the defendant having tacitly waived the filing of a bill of particulars by the plaintiff in the justice's court, could not raise the question of departure in the district court. See §§ 181 and 182, pp. 552 and 553, Comp. Stat.

But let us suppose that we are wrong in this view, and that in an action of replevin before a justice of the peace this affidavit does stand in lieu of a bill of particulars; was there a departure in this case? The thing in controversy

was a school-house, composed of sod, with a pine lumber roof and floor, with a door and two windows, door and window frames, sash, and lights. This house, as appears by the testimony, had been built by the school district, but on land to which the district had no title. The defendant, by some means not fully disclosed by the testimony, obtained the possession of this school-house, and while it does not appear that he claimed to own it, he refused to give it up. The school district commenced this action, and in the affidavit for replevin the property was described as above set forth. For all purposes of identity this description and that contained in the petition in the district court are identical. In the one case it is called "one school-house, about 14x24 ft. in size, composed of sod and lumber, now situated on the south-west quarter of section twenty-nine," etc.; and in the other as "All the boards, planks, and lumber, and windows, benches, doors, and desks which form a part of a certain school-house composed partly of sod and dirt and partly of lumber. The dimensions of said school-house being about 24 feet in length and 14 feet in width, and situated upon the south-west quarter of section twenty-nine," etc. In the one case it is called a house composed in part of lumber, etc.; in the other it is described as the lumber, etc., composing a part of the house. These descriptions must be interpreted by the light of the testimony in the case, as well as by the universal experience and observation of the people of the country in relation to sod houses. The testimony informs us that the sod walls of this house were put up nine or ten years ago. One witness describes it, at the time of the commencement of the suit, in the following words:

Q. How was the sod? What condition was it in?

A. The sod was torn to pieces. Some children had dug holes through it and the cattle had pulled it down.

None of the witnesses attach any value whatever to the sod body of the house. They differ all the way from fif-

teen to fifty dollars as to the value of the lumber. The sod house of Nebraska must not be confounded with the *sodded cabin* of the early days of Northern Illinois and Wisconsin, nor with the *adobe* of the country south-west of us. The sod house is, or was when that style of architecture prevailed to some extent in the new settlements of this state, composed of the tough sod, as turned over by the breaking-plow, cut into convenient sections and laid in the wall without mortar or backing of any kind. The life of a wall thus composed is very short anywhere, but grows somewhat longer as we go farther west, in proportion to the diminished annual rain-fall. In York county, ten years must be its extreme old age. In speaking of such a building, therefore, in connection with the question of its value, we do not deem it entirely inadmissible to describe it as so much lumber, constituting the roof, floor, etc., of a sod house. The thing itself being susceptible of two descriptions, although different, they are not inconsistent.

Again, we believe it to be a rule of pleading, without an exception, that a plea or answer to the merits waives all defects of a formal or technical character in the paper pleaded or answered to. So, after filing an answer to the merits in the nature of a plea of the general issue, by the defendant, he could not be permitted to move to strike the plaintiff's petition from the files. Whatever view we take of the case, the conclusion is irresistible that the district court erred in sustaining the motion to strike the plaintiff's petition from the files.

The judgment of the district court is therefore reversed, the plaintiff's petition restored to its place in the files of the case, and the cause remanded for further proceeding in accordance with law.

REVERSED AND REMANDED.