THE BOARD OF COMMISSIONERS OF RUSH COUNTY v.
D. C. STUBBS, *et al.*

FRAME BUILDING, *When Personolty; Replevin.* The plaintiff was the
owner of a frame building, 16x20 feet, and one story in height, used for
county offices. Upon the removal of the county seat to La Crosse, the
plaintiff moved this building to the new county seat and placed it upon
a stone foundation on a tract of land upon which defendant Stubbs had
made a homestead filing. This was done upon an understanding between
the parties that the building should be and remain the property of the
county, and that upon procuring his patent, Stubbs should convey to it
the ground upon which the building stood. Stubbs obtained a patent,
but then refused to convey. *Held,* That the building continued to be
personalty, and that the commissioners could replevy it; and *held, further,*
that this right to replevy was not destroyed by the fact that a woman
and her sick family, unable to find other quarters, had been permitted
by the commissioners to temporarily occupy said building, and was still
in it.

### *Error from Rush District Court.*

REPLEVIN, brought by the *Board of Commissioners* of Rush
county, against *Stubbs* and two others, for the possession of a
certain frame building. Trial by the court, at the adjourned
May Term, 1880, and judgment for the defendants. The
*Board* brings the case here. The facts appear in the opinion.

*Fierce & Cline,* for plaintiff in error.

*Starbird & McCord,* and *S. W. Taylor,* for defendants in
error.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin for the pos-
session of a frame building, one story in height, 18x20 feet
in size, and having two doors and four windows. The case
was tried upon an agreed statement of facts, and judgment
rendered for the defendants. The following are all of such
facts material to the decision of the question involved:

"2. That in the year 1876 the plaintiff was the owner of
the building described in plaintiff's petition, which said
building was then situate in the town of Rush Center, in
Rush county.

"3. That afterward, to wit, in the year 1877, the plaintiff by its agents removed said ·building from the town of Rush Center to the town. of La Crosse, in said county, to which last-named place the county seat of the county had just prior thereto been removed from the town of Rush Center and located at the town of La Crosse, and at the time of the location of the county seat at the town of La Crosse, and at the time of the removal of the building to that town, the plaintiff was not the owner of any land within or anywhere near said town; and in fact the whole of the town site at that time and for six months thereafter was the public domain, and the title was in the United States government; and it thereby became impracticable for plaintiff to purchase land upon which to place said building.

"4. That on or about the — day of ——, 1877, the people of the town of La Crosse, through and by the consent of the defendant David C. Stubbs, who then had a homestead entry or filing upon the tract of land upon which the town site of La Crosse was located, placed said building in the town of La Crosse and upon the homestead of defendant David C. Stubbs. And the board of county commissioners of Rush county, Kansas, placed under the building so located and placed on said land a permanent stone foundation, with the understanding by and between defendant David C. Stubbs and the board of county commissioners of Rush county that the said building should be and remain the property of Rush county; and that the defendant David C. Stubbs should, on his procuring a patent from the United States of America, deed to Rush county the lot or tract of land on which said building and stone foundation were placed; but the agreement of Stubbs was not in writing. And the board of county commissioners of said county used and occupied said building for their meetings and other purposes for the county, from that time until the 15th day of February, 1878, at which time the county seat of Rush county was, on a canvass of the votes cast at an election to relocate the county seat of Rush county, duly declared and proclaimed at Walnut City, within Rush county. And the board of county commissioners then ceased to further occupy said building or to hold·their meetings therein.

"5. That the board of county commissioners then gave its consent and permission to the defendant Mrs. J. Wright, whose husband was then lying very sick, to occupy said house

temporarily until such time as she could procure another house into which to move with her family and husband, and there being no other vacant house suitable in the town at that time, the defendant Mrs. J. Wright, under such permission of the board of county commissioners, moved into and occupied said house together with her husband and family, and continued to occupy the same until after the commencement of this action, to wit, until the 9th day of June, 1879.

"6. That the defendant David C. Stubbs procured from the government of the United States a patent to said tract of land on the — day of ——, 1878, and neglected and refused to and still neglects and refuses to deed to Rush county the lot of land upon which said building was located as aforesaid, though requested so to do according to his promise aforesaid.

"7. That, on the — day of ——, 187-, the defendant David Beard purchased of the defendant David C. Stubbs, and procured his deed of conveyance therefor, the said tract or lot of land upon which said building stood as aforesaid, and that said purchase of Beard was made with a knowledge of all the facts aforesaid at the time they transpired, but nothing was said relative thereto at the time of said purchase.

"8. That prior to the commencement of this action the plaintiff demanded of each and every of the defendants the possession of said building, which was by each of them refused, and at the commencement of this action was still refused.

"9. That prior to the conveyance of said tract of land on which said building stood, from the defendant D. C. Stubbs to the defendant David Beard, said D. C. Stubbs received from the defendant Mrs. J. Wright rental money for the use and occupancy of said building; but the same was received by him without the authority, consent or knowledge of plaintiff."

Now from this statement it is clear that this building was at one time the property of the plaintiff; that it never intended to abandon the ownership; and that the building could be moved without destruction. It was placed by the plaintiff upon land to which defendant Stubbs had an inchoate title, with the understanding that it should remain the property of the plaintiff. How did the plaintiff lose title? The manner in which it was annexed to the ground did not prevent the intention of the parties from remaining effective. The build-

ing was, it is true, on a stone foundation, but it was held there by its own weight. That it could be moved, without destruction, is evident not merely from the description of the building, but also from the fact that it had been ·once moved.

The contract of purchase may be laid out of consideration, for it was void, and was repudiated by the owner of the realty, and it was not intended thereby to affect the ownership of the building.

The opinion in the case of the *C. B. Rld. Co. v. Fritz,* 20 Kas. 430, prepared by Mr. Justice VALENTINE, runs at some length through the question of the annexation of buildings to the realty, and the conclusions reached seem decisive of this case. ·The intention of the parties made this building personalty, and neither the manner of annexation nor any other matter prevented this intention from being carried into effect. Demand was conceded. Replevin, and not forcible entry and detainer, is the remedy to recover personal property.

The judgment of the district court will be reversed, and the case remanded with instructions to render judgment for the plaintiff, in accordance with the stipulations of the parties.

All the Justices concurring.