## THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY v. EDWARD CRONK.

*Land contract—Buildings erected by vendee—Replevin—Fixtures— Homestead.*

1. Where the vendee erects a dwelling-house upon land held under contract, it becomes a part of the realty, and as such the property of the vendor, subject to the rights of the vendee therein.
2. The removal of the building by the vendee onto land belonging to a third party converts it into personal property, to recover which an action of replevin will lie at the suit of the vendor.
3. The vendee cannot claim homestead rights in the house while it remains personal property in his wrongful possession.

Error to St. Clair. (Canfield, J.) Submitted on briefs July 1, 1892. Decided July 28, 1892.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

93 MICH.—4.

*Frank Whipple,* for appellant, contended·

1. The contract contains no provision for any forfeiture beyond the retention of the money paid thereon, and, as the house was moved before·any notice to quit or of the termination of the contract had been given, that would be the extent of forfeiture under it.

2. The house, having been moved upon adjoining land more than six months before this action was brought, had become affixed in its new position, and could not be replevied; citing *Morrison v. Berry,* 42 Mich. 389; *Wagar v. Briscoe,* 38 Id. 587.

3. If the plaintiff had any ground for an action, it was either a bill for specific performance, a suit at law to recover the purchase price, or the repossession of the premises and a suit to recover damages for a breach of the contract; citing *Allen v. Mohn,* 86 Mich. 328; or an action for waste under the statute; citing *Stevens v. Rose,* 69 Mich. 259.

4. If the house was a part of the realty before its removal, it must have been such after standing for six months on the land to which it was removed, and, if so, replevin would not lie.

5. The building was defendant's homestead, and his wife was a necessary party to the suit; citing *Bunce v. Bidwell,* 43 Mich. 542; *Sayles v. Curtis,* 45 Id. 279; *Girzi v. Carey,* 53 Id. 447; *Cleaver v. Bigelow,* 61 Id. 47; *Sewing Machine Co. v. Whitney,* Id. 518; *Stoinski v. Pulte,* 77 Id. 322; *Sessions v. Sherwood,* 78 Id. 234; *Haddy v. Tobias,* 85 Id. 326; *Gibbs v. O'Neil,* Id. 633.

*Phillips & Jenks,* for plaintiff, contended for the doctrine of the opinion.

MONTGOMERY, J. The defendant, on the 18th day of June, 1887, contracted in writing to purchase of one William L. Jenks the N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 19, township 7 N., range 16 E. The contract was in the usual printed form, and contained a covenant on the part of the defendant that he would not commit, or suffer any other person to commit, any waste or damage to said lands or appurtenances, except for firewood or otherwise for his own use, or while clearing off the lands for cultivation in the ordinary manner. Immediately after entering upon

the lands he erected a small dwelling-house thereon, and lived in it for two years. He then made default in his payments, and the plaintiff, to whom the contract had in the mean time been assigned by Jenks, terminated the contract, and required the defendant to surrender possession. The house was a one-story frame house, 20 by 26, and suitable for the purposes of a dwelling-house to be used upon the land in question. After the removal of the house from the premises, it was placed upon a 40 across the street, and plaintiff, after demand, brought replevin. The circuit judge directed a verdict for the plaintiff, and the defendant appeals.

Two questions only are presented in appellant's brief. It is first claimed that replevin will not lie, because the house had become a fixture upon the land to which it was moved, and was therefore real estate; *second,* that, as the house was occupied as a homestead by the defendant and his family, the wife was a necessary party.

We think that when this house was erected upon the land held under contract it became a part of the realty, and as such the property of the owner of the land, subject only to the rights of the purchaser therein. *Kingsley v. McFarland,* 82 Me. 231 (19 Atl. Rep. 442); *Milton v. Colby,* 5 Metc. (Mass.) 78; *Iron Co. v. Black,* 70 Me. 473; Tyler, Fixt. 78. It being severed from the land, it became personal property, and replevin would lie unless it became affixed to the realty by the tortious act of the defendant in removing it and placing it upon other lands. But we think no such legal effect can be given to the defendant's wrong. The house was moved upon land of a third party. There was no privity of title between the ownership of the house and the ownership of the land to which it was removed. The cases cited by defendant of *Morrison v. Berry,* 42 Mich. 389, and *Wagar v. Briscoe,* 38 Id. 587, do not apply.

The house remaining personal property in the wrongful possession of defendant, it follows that no homestead right, which consists in an interest in lands, attached.

The judgment is affirmed, with costs.

The other Justices concurred.