[No. 1436.   Decided November 7, 1894.]

EDISON GENERAL ELECTRIC COMPANY, *Appellant*, v. L. WALTER, *Respondent*.

CONTRACTS—CONSTRUCTION—WHETHER CONDITIONAL SALE OR CONTRACT FOR CHATTEL MORTGAGE.

A contract providing that title to a certain electric light plant shall not pass from the seller to the purchaser until it is fully paid for as per contract is one of conditional sale, although a typewritten addition to the printed form of sale may provide that the promissory notes to be given for deferred payments must be secured by mortgage upon such plant and upon all the other property owned by the purchaser at the time the plant is placed in working order, and although the contract may further provide that the purchaser shall keep the plant fully insured as long as there is any amount due the seller, since it is apparent from the construction of the contract as a whole that it was not the intention of the parties that the title should pass until the provision with reference to the mortgage had been complied with.

*Appeal from Superior Court, Spokane County.*

*Jones, Voorhees & Stephens,* for appellant.

*F. T. Post* and *A. G. Avery,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action of replevin for the possession of personal property. It is brought against respondent, a receiver, the party in actual possession thereof. Appellant predicates its claim and right to possession upon a contract set forth in its complaint. Respondent demurs to the complaint upon the ground that it did not state a cause of action. The demurrer was sustained, and the plaintiff, electing to stand upon its complaint, appeals to this court.

The question in this case is whether the contract constituted a conditional sale with the title remaining in the vendor, or whether the title passed and the contract should be construed to be a contract for a chattel mortgage. The material parts of the contract were as follows:

"Agreement made this 23d day of December, 1890, between the Edison General Electric Company, hereinafter called Company, and the Cheney Electric Light, Telephone and Power Company, hereinafter called the Purchaser. The terms and conditions of this agreement are such that the Company agrees for the sum $8000, and in consideration of the mutual promises made below, to furnish the plant as specified on attached sheets, dated December 23, and numbered 1, 2, 3, 4 and 5. * * * The title to the plant shall not pass from the Company to the Purchaser until it is fully paid for as per contract, and the Purchaser agrees to execute and give the Company all legal documents necessary to effect this. In case of deferred payments by notes, the title to the plant shall not pass from the company until such notes have matured and have been settled in full. And the Purchaser further agrees to keep the plant fully insured as long as there is any amount whatever due the company, the said insurance, in case of loss, to be payable to the Company and to the Purchaser as their interests may appear. * * * The plant herein contracted for to be in working order on the 1st day of April, 1891. * * * In consideration of the above the Purchaser agrees to pay to the Company the sum

of $8000, payable as follows : $1000 cash payable by sight draft attached to the bill of lading for electrical apparatus when same is received F. O. B. cars in Cheney ; $1667 payable in cash on the completion of the work as per contract ; $2666 payable six months after date of completion of this contract ; $2667 payable twelve months after date of completion of this contract.  The said deferred payments to be evidenced by negotiable promissory notes, bearing eight per cent interest from date thereof, and to be secured by a mortgage upon the property herein described, and the plant, franchise, rights, privileges, and all the other property, whether real, personal or mixed, now owned by said Purchaser, and such other and additional property as shall be owned by said Purchaser at the time of the completion of said work as above.  Said above mentioned promissory notes and mortgage to be dated, executed and delivered on the day of the completion of said work.''

The terms of payment, with a provision for securing the same by mortgage above recited, appear on a separate typewritten paper pasted on to the back of the printed form used. It may be asserted without argument that, under the decisions of this court in *Quinn v. Parke & Lacy Machinery Co.*, 5 Wash. 276 (31 Pac. 876), and *Cherry v. Arthur*, 5 Wash. 787 (32 Pac. 744), following the doctrine laid down in *Harkness v. Russell*, 118 U. S. 663 (7 Sup. Ct. 51), this contract would be construed as a conditional sale wherein the title to the property remained in the vendor until the conditions were complied with, were it not for the typewritten matter above referred to, which provides for the securing of the property mentioned by mortgage.  It is urged by the respondent that this provision with reference to the mortgage takes it out of the rule laid down in the cases above cited.  It is true, and is conceded by the respondent, that the general rule is that where there is a conflict between the printed matter in an agreement and the written matter, the written matter shall be presumed to express the intention of the parties to the contract ; but, notwithstanding this rule, it seems to us that there is no conflict here between the provisions that the sale shall be a conditional sale and the further typewritten provision that the promissory notes are to

be secured by a mortgage upon the property described, and other additional property which shall be owned by the purchaser.

It is true, as urged by the respondent, that we must ascertain the intention of the parties at the time that the contract was entered into ; but keeping this rule in view, we do not see anything in the typewritten attachment that leads us to conclude that it was the intention of the parties that the title should pass until the provision with reference to the mortgage was complied with.   The agreement itself cannot be construed to be a mortgage, and had it been the intention that the title to the property should have passed to the purchaser, this provision certainly never would have been incorporated in the agreement, namely, that the title to the plant shall not pass from the company to the purchaser until it is fully paid for as per contract.   There is no ambiguity about this statement in the contract ; it is clear, concise and easily understood.   All parts of the agreement should be construed together and made to harmonize, if possible.   The provision with reference to giving the mortgage, it seems to us, is simply with reference to a payment. When the notes were secured by mortgage, as stipulated in the typewritten agreement, a payment would have been made on the plant sold.   The title would then have passed to the purchaser and the vendor would have relied upon his security ; but the sale would have been complete, and payment would have been made as effectually as though it had been made in cash.   And it seems to us that this was simply a provision in the contract allowing payment to be made in this manner.   Thus construing these two provisions, they are made to harmonize, and effect is given to both.   We think that the contract is plainly susceptible of this construction, and therefore hold that the sale was a conditional sale ; that the proper action was brought for the recovery of the property ; that the court erred in sustaining defendant's demurrer to the complaint.

2-10W

The judgment will therefore be reversed with instructions to the lower court to overrule the demurrer aforesaid.

STILES, HOYT, SCOTT and ANDERS, JJ., concur.