CUTTER v. WAIT.

1. VENDOR AND VENDEE—REMOVAL OF BUILDINGS—REPLEVIN.
   The vendor in a land contract may maintain replevin for a house built on the premises by the vendee, and afterwards removed by him, upon the theory that, while the title to the house was not changed by the removal, it might thenceforth be regarded as personalty.

2. SAME—FRAUD—EVIDENCE—TITLE TO LANDS.
   In such action, evidence as to the title to the premises, offered in support of the defense that defendant was induced to enter into the contract by the false representations of plaintiff as to his title, is admissible, as against an objection that title to realty cannot be tried in an action of replevin.

3. SAME—RESCISSION OF CONTRACT—IMPROVEMENTS.
   One who has been induced to enter into a contract for the purchase of land by the false representations of the vendor has a right, on rescission therefor, to place himself *in statu quo* by . removing the improvements made on the premises, so far as it can be done without injury to the freehold remaining.

Error to Van Buren; Carr, J. Submitted April 11, 1902. (Docket No. 74.) Decided October 7, 1902.

Replevin by Frank Cutter against Dan Wait and Elijah L. Green. From a judgment for plaintiff, defendants bring error. Reversed.

*W. J. Barnard* and *Lincoln H. Titus,* for appellants.

*Thomas J. Cavanaugh,* for appellee.

MONTGOMERY, J.   This is an action of replevin for a house built by the defendants upon land held by them under a contract of purchase, the plaintiff being the vendor named in the contract.   The defendants removed the house from the land contracted for, and plaintiff, claiming that the house, when built, became a part of the realty, and that the legal title vested in him, and that by a severance of the house from the lands the title remained unchanged, but that the house might thenceforth be treated as personalty, brought replevin.   He was allowed to recover upon this theory, and there can be no doubt of his right to maintain the action, unless there was in the defense proffered a question which should have been submitted to the jury.   *Michigan Mut. Life-Ins. Co.* v. *Cronk,* 93 Mich. 49 (52 N. W. 1035).

The defense urged was that the defendants were induced to enter into the contract of purchase by false and fraudulent representations of the plaintiff as to the state of his title, and defendants contended that they had the right to rescind the contract, and remove the building from the premises.   The circuit judge held, however, that it was not competent to try the title to real estate in an action of replevin.   We do not so understand the rule of law.   True, replevin will not lie for real property, but it is not rare that the title to personal property is determined by an inquiry as to its ownership at a time when it was a part of the realty.   Cases where such an inquiry has been entered upon without question are not infrequent.   *Huron Land Co.* v. *Robarge,* 128 Mich. 686 (87 N. W. 1032); Wells, Repl. § 5.

It is contended by plaintiff's counsel that there was no evidence of fraud in this case.   We are not prepared to hold that the record is wholly devoid of testimony which a jury might construe as intentional misstatements as to the state of the title.   If such intentional misstatements

were made, and were materially false, it was competent for the defendants to rescind the contract; and this involved the right to place themselves *in statu quo,* so far as it could be done without injury to the freehold remaining.

The judgment will be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.