[No. 4371.   Decided April 21, 1903.]

DAVID M. PAGE, *Appellant,* v. DOMINICK URICK *et ux.,*
*Respondents.*

FIXTURES — DWELLING HOUSE AS PERSONAL PROPERTY.

A house built by consent of the city upon one of its unused
streets, on condition that the builder would remove it upon notice
from the city, and resting upon wooden blocks laid on the ground,
so as to facilitate removal without disturbing the freehold, is
personal property, even though by mistake the house may have
been constructed so as to extend over the street line some seven
feet upon an adjoining vacant lot.

SAME — CONDITIONAL SALE — REPLEVIN.

Where a dwelling house was personal property, and was sold
under a conditional contract of sale, on a breach of the condi-
tions of sale the house could be recovered in an action of re-
plevin by the vendor.

Appeal from Superior Court, Pierce County.—Hon.
THAD HUSTON, Judge.   Reversed.

*George W. Fogg* and *H. F. Norris,* for appellant.

The opinion of the court was delivered by

FULLERTON, C. J.—In the summer of 1900 the appel-
lant, after obtaining leave to do so from the city authori-
ties, built a dwelling house on what he supposed to be one
of the streets of the city of Tacoma, the permit being
granted on condition that he would remove the building at
any time after receiving thirty days' notice to that effect
from the city.   By mistake, however, the house was built so
as to extend over the line of the street some seven feet on an
adjoining vacant lot.   The house was built on wooden shoes,
extending the entire width of the house, which rested on
wooden blocks laid on the ground, so that the house could
be removed at any time without disturbing the freehold.

In fact, the purpose of the shoes was to facilitate removal, and enable the appellant to comply without trouble with his agreement with the city.   On October 25, 1900, the appellant entered into a written agreement with the respondents, by the terms of which he agreed to sell them the house for a consideration of $700, $300 to be paid in cash, and the balance in four annual installments of $100 each, payable on the 25th day of October of the years 1901, 1902, 1903, and 1904, and a monthly payment of $6 per month during the time any part of the purchase should remain unpaid in lieu of interest.   It was expressly stipulated in the agreement that the title to the property should be and remain in the appellant until the entire purchase money should be fully paid; that upon the final payment of "said $400, and the further and additional payment of said $6 per month rent, that then, and in that case, said house shall become the property of said purchasers;" that time was the essence of the contract, and in case of failure to pay the purchase money, or any part thereof, when due, the appellant should have the right to take possession of the house, and the purchasers should vacate the same peaceably, and without legal process.   The agreement was signed by both the vendor and vendee, and placed of record in the auditor's office of Pierce county.   The respondents paid the $300 before taking possession of the property, and subsequently paid $10 additional as rent, but refused to pay anything further, or recognize that the appellant had any rights in the property.   At the time of the commencement of this action there were $80 due as rents or interest, together with the installment of 1901 of $100. On the refusal of the respondents to make further payment on the purchase price, the appellant demanded possession of the house, and, on their refusal to deliver it up,

brought this action in replevin to recover it. In his complaint he set out substantially the foregoing facts. The answer was a general denial, and an affirmative plea of ownership on the part of the respondents. On the trial the appellant introduced evidence tending to substantiate all of the allegations of his complaint, and rested, whereupon the respondents moved for a nonsuit, which the court granted. Judgment of nonsuit was thereupon entered, from which this appeal is prosecuted.

The respondents have not appeared in this court, and we are not, therefore, advised as to the reasons which are relied upon to sustain the judgment of the trial court, but, looking to those which obviously suggest themselves, we find none which seem to us conclusive. Under the facts stated, the dwelling house was personal property. Cobbey, Replevin (2 ed.), § 373; *Jewett v. Patridge,* 12 Me. 243 (28 Am. Dec. 173); *Comm'rs of Rush County v. Stubbs,* 25 Kan. 322. The contract was a conditional sale, in which title did not pass to the vendee, and the property was subject to recovery by the vendor on a breach of the conditions of sale. *Edison General Electric Co. v. Walter,* 10 Wash. 14 (38 Pac. 752); *Quinn v. Parke & Lacy Machinery Co.,* 5 Wash. 276 (31 Pac. 866); *Cherry v. Arthur,* 5 Wash. 787 (32 Pac. 744); *Harkness v. Russell,* 118 U. S. 663 (7 Sup. Ct. 51). A dwelling house, which is personal property, can be recovered by the owner from one wrongfully in possession by an action of replevin. *Comm'rs of Rush County v. Stubbs, supra; Michigan M. L. Ins. Co. v. Cronk,* 93 Mich. 49 (52 N. W. 1035); *Weathersby v. Sleeper,* 42 Miss. 732; *McDaniel v. Lipp,* 41 Neb. 713 (60 N. W. 81); *Fitzgerald v. Anderson,* 81 Wis. 341 (51 N. W. 554). On the record, therefore, it would seem that the trial court erred in granting a nonsuit. The

appellant, by his evidence, showed ownership of the property, a right to its possession, a demand on the respondents for its surrender, their refusal to surrender it, and their consequent wrongful detention of the same. As the property was subject to replevin, these proofs made a *prima facie* case, easily sufficient to sustain a judgment, if the jury found them to be true. The rule is not changed because it appeared that the house was built in part on the land of another by mistake. The owner of that property cannot claim it until, at least, he has directed its removal and the appellant delayed doing so for an unreasonable time.

The judgment is reversed, and the cause remanded for a new trial.

MOUNT, ANDERS and DUNBAR, JJ., concur.