## WORKMAN v. HENRIE

No. 4643. Decided April 12, 1928.   (266 P. 1033.)

*C. D. McNeely,* of Delta, and *Claude F. Baker,* of Eureka, for appellant.

*Tangren & Crafts,* of Delta, for respondent.

STRAUP, J.

The plaintiff brought this action to recover possession of a three-room frame house, a hay derrick, and some furniture

alleged to have been wrongfully withheld from him by the defendant. It is alleged that the house was placed on the land on which it was situated by the plaintiff with the knowledge and consent of the then owner, and with the understanding and agreement that it was to be and remain personal property, and, as such, to be stored there, and to be removed by the plaintiff at his convenience, of which the defendant had knowledge and notice when he subsequently purchased the land from such owner. The defendant denied the material allegations of the complaint, and alleged that at the commencement of the action, and at all times subsequent thereto, and for several months prior thereto, the Federal Land Bank of Berkeley was the owner of a first mortgage in the sum of $4,000 on the premises on which the house was situated; that the house was fixed to the realty, and was a part thereof, and not severed therefrom, and was subject to the mortgage lien; that the mortgagee was a necessary party to the action, and the plaintiff not making it a party constituted a defect of parties; and that the alleged agreement under which the plaintiff placed the house on the land and claimed right and title therein was not in writing, and therefore void under the statute of frauds.

Upon these issues the case was tried to a jury, who rendered a verdict in favor of the plaintiff awarding the property and the house to him, or for $800, the value thereof, in case return was not made. The defendant appeals. He contends that parole evidence was incompetent to prove plaintiff's title or right to the house; that the complaint is insufficient to replevy the house; that there was a defect of parties defendant, and misconduct of plaintiff's counsel in his argument to the jury. The first three points involve, more or less, the same question. The evidence shows that the house, together with two other dwelling houses and other buildings and improvements, were situated on a farm of about 80 acres formerly owned by the plaintiff's mother, who conveyed the farm by warranty deed to the defendant.

In the deed of conveyance, less than an acre of ground, on which was situated one of the houses, not the house in question, was reserved. The house in question was not, by the terms of the deed, reserved. Over objections of the defendant, the plaintiff was permitted to prove that he, several years prior to the conveyance to the defendant, at his own cost and expense of about $800, built the three-room frame house on his mother's land, with the understanding or oral agreement between them that the house was to be regarded as personal property, and that the plaintiff, whenever he desired to do so, had the right to remove it. It was further shown that the house was built on level ground and on a cement foundation, extending about six inches above the ground, and upon which the house rested and was fastened, and that the house could be removed without injury to the house or to the freehold. Over the objections of the defendant, the plaintiff was permitted further to prove that before and when the defendant purchased the farm he was shown and taken over it by the brother and father of the plaintiff, who in the transaction were acting for his mother, and they pointed out to the defendant the house, and stated to him that it belonged to the plaintiff; that it was built by him, the circumstances of his placing it there; that he had the right to remove it whenever he desired; that the plaintiff then was absent, and was on a mission in Florida; that on his return he would remove the house and that the defendant replied that the plaintiff could do so, and that defendant did not wish to claim anything which belonged to the plaintiff, and especially not as against one who was on a mission. It was further shown that the plaintiff and his wife, prior to the conveyance, and until the plaintiff went to Florida, occupied the house as a dwelling, but, when the plaintiff departed for Florida, she, during his absence, lived with her parents, and rented the house to another who was living in it at the time of the conveyance to the defendant, and who thereafter, with the defendant's knowledge, paid the rent to the plaintiff's wife until the

plaintiff returned from his mission. When the plaintiff returned and undertook to claim the furniture in the house and the house itself, and undertook to remove them, defendant objected, contending that they in virtue of his conveyance belonged to him.

There is no substantial dispute between the parties that the furniture and hay derrick belonged to the plaintiff, and that he had the right to claim them. The serious dispute is as to the house. The contention of the defendant is that the house was a fixture on, and a part of, the realty purchased by and conveyed to him, and that the house, not having been reserved in the deed of conveyance, passed to him as a part of the realty; and that the parole was incompetent, because it varied the terms of his deed, and that the right which the plaintiff asserted to the house was an interest in realty, and forbidden by the statute of frauds to be shown otherwise than by a writing satisfying the statute. Such contention lies at the threshold of all of the questions presented by the defendant, except the alleged misconduct of plaintiff's counsel in argument to the jury.

The rule seems to be well settled that, in case of buildings or other improvements erected on another's land, if built with the consent of the landowner that they should remain the personal property of the builder, the agreement may be oral, for in such case the character of the building as personalty is fixed before attachment to the realty, and the agreement involves no sale of an interest in the land. 25 R. C. L. 539. Such a contract or agreement is not within the statute of frauds. 27 C. J. 195. Under such circumstances, the building remains the property of the person annexing, it, and may be removed by him. 11 R. C. L. 1083. In considering whether a structure annexed to land is itself legally a part of the land, the chief determining factors are the mode of attachment or annexation, the character of the structure, and the intention of the person making the annexation, which gener-

ally is regarded the most important or controlling factor, and the mode of annexation and the character of the structure merely as evidence on the question of intention. 1 Tiffany on Real Property, 905. Where a structure is placed upon the land of another with an agreement before attachment that it is to be, and remain, personal property, and not to become a part of the realty, and that it may be removed by the builder, the authorities are in unison to the effect that such an agreement will prevail as against a subsequent purchaser or mortgagee of the realty who has notice, actual or constructive, of the agreement. 26 C. J. 681, and cases from many different jurisdictions there cited. The cases cited by the appellant do not make against this view. So far as applicable to the facts and situation of the case, they are in harmony with it. We thus are of the opinion that the evidence objected to was properly received. For the same reason do we think the complaint stated a cause of action. The house, being personal property, was thus subject to be reclaimed in an action of replevin. *Board of Com'rs Rush County* v. *Stubbs*, 25 Kan. 322; *Michigan Mut. Life Ins. Co.* v. *Cronk*, 93 Mich. 49, 52 N. W. 1035; *Page* v. *Urick*, 31 Wash. 601, 72 P. 454, 96 Am. St. Rep. 924.

The defendant was permitted to show that, after the conveyance was made to him, he gave a first mortgage on the land conveyed to him to the Federal Land Bank of Berkeley. Upon that the defendant contended the plaintiff was required to implead the bank; that it was not only a proper, but a necessary, party to the cause, and without making it a party no binding adjudication could be had between the plaintiff and the defendant. On the face of it, the proposition is untenable.

After the defendant was permitted to put in evidence the mortgage given by him to the bank, the plaintiff, over the objection of the defendant, was permitted to show that, in making an application to the bank for a loan, and stating the realty to be given as security in payment thereof, the

applicant is required to state the buildings and improvements on the land on which the mortgage is to be given, and that, in making his application for the loan to the bank, the defendant stated that the house in question, or that one of the houses, belonged to the plaintiff. The objection made was that such evidence was not rebuttal evidence, and that it ought to have been offered in plaintiff's case in chief. Complaint is made of the ruling. Inasmuch as the defendant himself sought some advantage because of the mortgage given by him to the bank, we think the evidence objected to was proper rebuttal. Though it was not proper for such purpose, still it was within the discretion of the court to admit it as part of plaintiff's case in chief. 6 Jones Comm. on Evidence (2d Ed.) § 2504.

The evidence as to the defendant's knowledge or notice of plaintiff's right or claim to the house, prior to the conveyance to him, is in direct conflict. The plaintiff's brother and father testified that the defendant was given direct and specific information with respect thereto, not only when the defendant was taken over, and shown, the farm and the buildings, but also in the office of the attorney then acting for the mother of the plaintiff, and when the contract and preliminary papers were being made with respect to the purchase of the farm by the defendant. The defendant denied that any information was given him of plaintiff's right or claim, and testified that he had no knowledge or notice whatever that the plaintiff had or claimed any interest in or to the house in question. Counsel so acting for the mother was counsel for the plaintiff in this action. He was not a witness in the case. In the course of his argument to the jury, and in referring to the conversation had in his office when the preliminary papers and contract were drawn up, he stated that he knew what took place in his office, and that what did take place was substantially as testified to by plaintiff's witnesses. Counsel for the defendant objected to the statement, and

orally requested the court to instruct the jury not to consider it, and that counsel was not a witness, and gave no testimony in the case. The court thereupon orally instructed the jury to disregard any statement of counsel wherein he did not confine his statement to the evidence; to disregard any statement made by counsel on either side if he did not quote the evidence correctly; and that the jury were the sole judges of the evidence, and that they must make up their verdict from the evidence. After such direction by the court, counsel for defendant stated, "Give us an exception." Thereupon the court asked counsel if there was anything else he wanted the court to tell the jury. In reply to that, counsel for the defendant but stated, "I just want to take my exception." The court said, "All right."

Complaint is now made of this. The statement or argument made to the jury by counsel for the plaintiff of course, was improper, and was calculated to do harm. Counsel for defendant, however, does not claim that the misconduct was so flagrant and harmful as to be incurable by direction or admonition of the court. The claim made is that the court did not sufficiently direct or admonish the jury in the particular that the court did not direct the jury not to consider the particular statement of counsel that he knew what took place, and that what took place was as testified to by plaintiff's witnesses; that the court only told the jury to disregard any and all statements made by counsel wherein the statement was not confined to the evidence, and, if the evidence was not correctly stated, to disregard the statement. Assuming that the direction in such respect should or ought to have been more specific, yet the direction in substance was as broad as was requested. The request was, "I ask the court to instruct the jury that they should take no note, take into consideration in any manner at all counsel's statement with respect to that proposition, and to instruct the jury" that counsel was not a witness, and did not testify to anything in the case. The court well could have reminded the jury that counsel was not a wit-

ness and gave no testimony in the case, yet, in the absence of so doing, it is not to be presumed the jury did not know that counsel was not a witness, and that he gave no testimony in the case, or that they were unmindful of such fact. As to the other matters, the direction was substantially made as requested. Because requests to charge or direct the jury in such matters generally are oral, as they may be, the court orally directing or admonishing the jury as he may orally do may not always have in mind the particular language in which the request is made, only the substance of it, and thus may give a direction thought to cover only the substance, and not the exact language, of the request. We think the court was entirely fair to counsel. After he had given the direction, covering, as he thought, the substance of the request, and counsel for defendant taking an exception, and the court asking him if there was anything else he wanted the court to tell the jury, counsel for the defendant declined to do so and only stated, "I just want to take my exception." If counsel thought the direction which the court gave was not sufficiently specific, or did not fully cover the ground, he, in response to the court's inquiry, ought to have indicated the particular or particulars in which he thought the direction was lacking. The court thus indicating a willingness to give more, if counsel indicated what more should be given, and counsel declining to do so, may not now complain that the direction was not as specific or full as desired by him or to which he may have been entitled.

The judgment is affirmed. Costs to the respondent.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.