HARRIS BROTHERS CO. v. NICHOLS.

1. REPLEVIN—DEFENDANT NOT IN POSSESSION ENTITLED TO DIRECTED VERDICT.

Where, in replevin for a ready-built house sold on title-retaining contract, it appears that defendant had never occupied the house, had assigned his interest in the lot on which it stood, did not claim any interest therein, and was not in possession at the time the action was instituted, his motion for a directed verdict should have been granted.

2. SAME—ESTOPPEL—DEFENDANT ASSERTING INTEREST NOT ENTITLED TO DIRECTED VERDICT.

Defendant who entered appearance in replevin for a ready-built house sold to his assignor on title-retaining contract, asserting interest therein through his vendee, giving bond for release thereof from sheriff's possession, and before trial of the case again selling to another, is estopped from taking the inconsistent position that he neither had possession nor claimed the right thereto.

3. SAME—READY-BUILT HOUSE SOLD ON TITLE-RETAINING CONTRACT PERSONAL PROPERTY.

A ready-built sectional house set up on cedar posts and sold on title-retaining contract, is personal property subject to replevin, where the assignee of purchaser's interest in the house and lot had notice of the contract and unpaid balance thereon; the evidence showing that the house could be removed without damage to the lot, and the owner of the fee not being a party to the action.

Error to Oakland; Doty (Frank L.), J. Submitted April 2, 1929. (Docket No. 8, Calendar No. 34,092.) Decided June 3, 1929.

Replevin by Harris Brothers Company against Stanley W. Nichols, Casper C. Johnson, and another for ready-made house. From a judgment for

plaintiff, defendants bring error. Affirmed as to defendant Johnson; reversed as to defendant Nichols.

*Everett H. Wells,* for plaintiff.

*Kent & Hayes,* for defendants.

North, C. J. This is an action in replevin by which the plaintiff, a Michigan corporation, seeks to repossess a house which it sold to the defendant Stanley W. Nichols. The building is described as a "sectional house-size 20 x 24," and it was placed upon cedar posts set about three feet in the ground and on a lot which the defendant Nichols was at that time purchasing under a land contract from a Dr. McCandless, the latter not being a party to this litigation. This house is thus further described:

"The inside partitions were built in—carpenter built in—papering, sheetrock, wiring, electric light fixtures. It comes in sections four feet wide and eight feet long; you merely take the sections wherever you want to place the house and bolt them together."

After the house was placed upon the lot, Nichols assigned his interest in his land contract to the defendant Casper C. Johnson, but before purchasing Johnson learned by inquiry that Nichols still owed substantially $1,200 to the plaintiff on the purchase price of the house. The plaintiff claims that it advised Johnson at the time that the purchase by Nichols was on a contract which provided the vendor should retain title of the chattel sold until payment was made. This is denied by Johnson. Johnson gave a subcontract to Charles W. Morris, who was in possession when suit was started. Demand of possession was made on Morris and the writ of re-

plevin was served on him. At the trial of the case, Morris, as a witness for the plaintiff, testified:

"I am not appearing as a defendant in this suit and am not represented in the case."

While Morris had no knowledge of plaintiff's title-retaining contract before this suit was started, upon being advised thereof he discontinued making payments and in time vacated the property and abandoned any claim of an interest in the subject-matter of this suit. Thereafter Johnson, who in the meantime had entered his appearance and given a bond to release the house from the possession of the sheriff, proceeded to sell the place to another party. Other than hereinbefore indicated, there is little if any dispute relative to the facts involved. At the conclusion of the proofs the plaintiff moved for a directed verdict, as did also the defendants Nichols and Johnson. Under the direction of the court the jury rendered a verdict in favor of the plaintiff, and it is before us for review on writ of error.

Two questions are presented:

(1) The defendants claim that a verdict should have been directed on their motion on the ground that the proof conclusively shows they did not have possession of the house in question at the time suit was started; and (2) that the subject-matter of this suit is real property rather than personalty, and therefore is not subject to replevin.

The undisputed proof shows that the defendant Nichols was not in possession at the time this suit was started. He had never occupied the house. He did not claim any interest in the subject-matter of this litigation, nor is there any proof that he had made any such claim since he sold to Johnson two months before suit was instituted. His motion for

a directed verdict on the ground he was not "in possession at the time this suit was started," should have been granted.

A like contention made by the defendant Johnson is not well founded. Through his vendee he asserted an interest in the property which plaintiff sought to replevin, he gave a bond by means of which he secured possession from the sheriff, and before the case was tried Johnson again sold the property to a third party. That Johnson claimed both an interest in the property and the right to possession is too clear for controversy. He cannot now take an inconsistent position and be heard to say he neither had possession nor claimed the right thereto.

The only remaining question is whether, under the circumstances of this case, this "sectional house" set up on cedar posts was personal property and subject to replevin. The circuit judge stated that "the claim of *bona fide* purchaser without notice" could not be made by Johnson. We think the record sustains this determination. The contract under which this house was sold by plaintiff provided:

"The seller shall remain the sole owner of the * * * property and shall retain the title thereto until all of the deferred payments * * * are fully paid. If default be made in the payment * * * the seller shall thereupon have the right to enter the premises of the purchaser with or without force, demand or process of law, and take possession and remove said property without liability for any damage by reason of taking possession. * * *

"It is further understood and agreed that the property * * * shall at all times be considered as personal property belonging to the seller and removable by the seller as such until his contract shall

have been fully determined and the indebtedness above described fully paid.''

This ''house'' in fact was designed by the builders as a garage. There is testimony that it could be removed without damaging the lot; and evidently the circuit judge so found. The owner of the fee to the land is not a party to this suit and so far as the record shows is asserting no right in the property. Johnson as the contract purchaser is not an innocent party purchasing without notice. Under these circumstances the building must be held to be personal property and subject to replevin. Many cases will be found sustaining this holding. That of *Page* v. *Urick,* 31 Wash. 601 (72 Pac. 454, 96 Am. St. Rep. 924), is very similar in the facts involved. See, also, *Commissioners of Rush County* v. *Stubbs,* 25 Kan. 322. The general rule is thus stated in 34 Cyc. p. 1366:

''Since the title to land cannot be litigated in an action of replevin, the general rule is that replevin cannot be maintained for the recovery of possession of a house attached to the freehold. However, a house, which by the express contract of the parties, or by implied agreement, is treated as personalty, may be the subject of replevin; and where a house has been severed from the realty, the owner may maintain replevin for its recovery''—citing *Cutter* v. *Wait,* 131 Mich. 508 (100 Am. St. Rep. 619); *Michigan Mutual Life Ins. Co.* v. *Cronk,* 93 Mich. 49.

See, also, *Myrick* v. *Bill,* 3 Dak. 284 (17 N. W. 268); *Brearley* v. *Cox,* 24 N. J. 287; *Weathersby* v. *Sleeper,* 42 Miss. 732; *Waters* v. *Reuber,* 16 Neb. 99 (19 N. W. 687, 49 Am. Rep. 710); *McDaniel* v. *Lipp,* 41 Neb. 713 (60 N. W. 81); *Hartwell* v. *Kelly,* 117 Mass. 235; *Central B. R. Co.* v. *Fritz,* 20 Kan.

430 (27 Am. Rep. 175); and *Fitzgerald* v. *Anderson,* 81 Wis. 341 (51 N. W. 554).

The judgment entered in the circuit court against the defendant Johnson is affirmed with costs of this court. As to the defendant Nichols, the judgment of the lower court is reversed with costs of this court against the appellee, and the case remanded to the circuit with directions to set aside the judgment therein entered against Nichols and to enter one in his favor.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.