CURRAN, et al, Appellants, v. CURRAN, et al, Respondents

(289 N. W. 418.)

(File No. 8213. Opinion filed December 30, 1939.)

Rehearing Denied February 10, 1940.

**A. J. Beck,** of Elk Point, and **O. G. Beck,** of Alcester, for Appellants.

**Owen C. Donley,** of Elk Point, for Respondents.

RUDOLPH, J. In 1900 one Lawrence Curran Sr. moved onto a certain farm in Union County which was owned by his father Matthew Curran. Matthew Curran died in 1902 and, shortly before his death, deeded the farm to his wife Mary Curran the mother of Lawrence Sr. Lawrence Sr. continued to live on this farm until 1928 when he died. While living on the farm, when it was owned by Mary Curran, Lawrence Sr. improved it by placing thereon certain buildings described in the evidence as a machine shed, a hog house, an ice house, a wash house, and a garage. He also improved the place with fences. Shortly before his death Lawrence Sr. gave to his wife Kate Curran a bill of sale of all his personal property, wherein he described and transferred as personal property the buildings and fences he had placed on this farm. Kate Curran later sold this property to the defendants, Lawrence Curran and James Curran, who are the children of Lawrence Sr. and Kate. Following the death of Lawrence Sr., his family continued to reside on the farm as tenants of Mary Curran. Mary Curran died in January 1930, and by virtue of her will the farm descended to the plaintiffs who are surviving children of Mary Curran. The plaintiffs rented this farm to the defendants on a cash rental basis for the farming year commencing March 1st, 1931, and ending March 1st, 1932. As payment of this cash rent the defendants executed two notes payable to the plaintiffs. Trouble developed between the plaintiffs and the defendants. Included in this trouble was a dispute over the ownership of these improvements. In January, 1932, plaintiffs had served upon defendants a notice to vacate and quit the premises at the expiration of their lease. Defendants did surrender these premises to the plaintiffs on the first of March, 1932. Plaintiffs subsequently commenced this action which is based on the two notes executed by defendants. Defendants filed a counterclaim wherein they sought to recover from the plaintiffs damages for the conversion of the improvements which Lawrence Curran Sr. had placed on

this farm. Defendants alleged that these improvements were placed upon the farm "with the full knowledge, consent and agreement of the said Mary Curran, and for the express purpose of conducting the farming operations of the said Lawrence Curran, and with the express agreement and understanding that the same remain the property and possession of the said Lawrence Curran and his assigns, and that the same would not become a part of the freehold of said premises." The issues thus raised were tried to a jury, and the jury returned a verdict in favor of the defendants on their counterclaim upon which the trial court entered judgment. Plaintiffs have appealed from the judgment and the order denying their motion for a new trial.

█ █ Appellants complain of the admission of certain testimony given by the defendant Lawrence Curran. This testimony related to a conversation had between his father and his father's mother, Mary Curran, the owner of the farm. Lawrence testified that he went to the home of Mary Curran with his father and that, while he was in a room adjoining the room where Mary Curran and his father were talking, he overheard this conversation, which he testified to as follows: "Well, he (Lawrence Curran, Sr.) said, 'I just come back from Savannah, Missouri, and the doctors say I can't live long. I want to have it fixed up about the buildings, about my buildings on the place there'; and she (Mary Curran) said, 'You don't have to worry about those buildings.' She said, 'They are yours and they have always been yours.'" Appellants objected to this testimony upon the ground that it was incompetent under the provisions of Section 2717, R. C. 1919, which provides: "In civil actions or proceedings by or against executors, administrators, heirs at law or next of kin in which judgment may be rendered or order entered for or against them, neither party * * * shall be allowed to testify against such other party as to any transaction whatever with or statement by the testator or intestate, unless called to testify thereto by the opposite party." Construing this statute in the case of Hanson v. Fiesler et al., 49 S. D. 442, 207 N. W. 449, 451, this court quoted with approval, the following: " 'The rule of the statute does not

operate to close the mouth of the witness as to any matter of fact coming to his knowledge in any other way than through personal dealings with the deceased person, or communication made by the deceased to the witness in person.' " See also, Hornstra et al. v. Avon State Bank et al., 55 S. D. 513, 226 N. W. 740. It appears therefore that this court has placed a construction upon this statute which limits the transactions and statements referred to in the statute to personal transactions had by the deceased with the witness and to statements made by the deceased to the witness in person. Giving the statute this construction, the rule announced in the cases above cited is in accord with the decisions under the great majority of statutes of similar import. See Jones Commentaries on Evidence, Second Edition, Volume 5, Section 2267. We are not inclined at this time to place any other or different construction on the statute than that heretofore announced, and under the statute as thus construed the testimony was competent.

As heretofore stated, the counterclaim was interposed upon the theory that there was an express agreement and understanding between Lawrence Curran Sr. and Mary Curran that the improvements made upon the farm would not become a part of the real property and would remain the personal property of Lawrence Sr. The trial court submitted the case to the jury upon this theory and the jury by its verdict has found the existence of such an understanding or agreement as contended for by the defendants. We have reviewed the evidence and are satisfied that the evidence is sufficient to support this finding of the jury. This conclusion renders inapplicable Section 497, R. C. 1919 (SDC 51.1103), which relates only to an occasion when property is affixed to the land of another without an agreement. As stated in the early case of Myrick v. Bill et al., 3 Dak. 284, 17 N. W. 268, 269: "The parties concerned may, by agreement in due form, give to fixtures the legal character of realty or personalty at their option, and the law will respect and enforce their understanding whenever the rights of third parties will not be prejudiced." And as stated in 22 Am. Jur., Fixtures, Section 17: "It is a general rule that

where an article belonging to one person is annexed to the freehold of another, it is competent for them to agree that, as between themselves, such article shall remain personalty and be removable at the pleasure of its owner." The improvements having been placed upon the land with an understanding with Mary Curran that they would remain the personal property of Lawrence Sr., and not become a part of the realty, no sale of an interest in land was involved, and the agreement thus made is not affected by the statute of frauds. 25 R. C. L. 539; Tyson v. Post, 108 N. Y. 217, 15 N. E. 316, 2 Am. St. Rep. 409; Western North Carolina Railroad v. Deal, 90 N. C. 110; Workman v. Henrie, 71 Utah 400, 266 P. 1033, 58 A. L. R. 1346.

■ We find no merit in appellants' contention that the claim for these improvements should have been filed against the estate of Mary Curran. It is defendant's position, which was sustained by the judgment entered, that Mary Curran never owned or had any interest in these buildings, and quite obviously, if Mary Curran never had any interest in the buildings, the filing of a claim against her estate was unnecessary. Appellants complain that the trial court permitted certain immaterial and irrelevant evidence to be introduced over their objection. It might be that the trial court did not confine the parties exactly to the introduction of evidence that was material and relevant, but after a review of the entire record we are unable to say that this resulted to the prejudice of appellants.

The judgment and order appealed from are affirmed.

All the Judges concur.