## MOORE a. WOOD.

*Supreme Court, Second District; General Term, Feb.,* 1860.

FIXTURES.—SUMMARY PROCEEDINGS.—MEASURE OF DAMAGES.—CHARGE.

A brick chimney which was sunk three feet into the ground for a foundation, and pierced the roof, and could not be removed without being taken down, together

with machinery, which were erected and put into the building by the tenant for the purpose of trade, are not fixtures, but may be removed by him on being dispossessed for non-payment of rent.

Where a tenant is dispossessed for non-payment of rent by an officer, who, by the directions of the defendant, prevents him from removing his movable property, this is a conversion of such property on the part of the defendant.

In an action for the conversion of such property under such circumstances, the measure of damages is the value of the property for the purpose of removal; that is, in the case of the chimney, which cannot be removed without destruction, the value of the material, subject to the obligation to remove it.

Though the value of the chimney as it stood may be proper evidence in such case as well as the value of the material, a charge that the jury had a right to consider the cost of the chimney and its value for the purposes for which it was used at the time, and also its value to be removed, is erroneous.

Motion for new trial.

The facts are stated in the opinion.

*C. M. Briggs*, for the plaintiff.

*Theo. F. Jackson*, for the defendant.

BROWN, J.—This was an action for the wrongful conversion of personal property, tried in the City Court of Brooklyn, where the plaintiff had a verdict for the sum of $226.84.

The plaintiff was the tenant of the defendant of certain premises situated in Williamsburgh, county of Kings, in which he manufactured agricultural implements. The power used in the manufacture was steam, with usual engine, boilers, flues, chimney, shafting, and belting. The plaintiff was removed from the premises in November, 1857, and during the continuance of his term therein, by proceedings taken against him before a justice of the peace for the non-payment of rent. The property in dispute consisted of shafting, belts, pulleys, and a brick chimney put in the building on the demised premises by the plaintiff for the purposes of his business. The principal questions litigated are: 1st, whether the articles of property claimed were fixtures; 2d, whether the defendant was guilty of conversion; and 3d, the amount of damages, if any, that the plaintiff was entitled to recover.

With respect to the first question, the character of the belts, shafts, and pulleys admits of no manner of doubt. They were clearly not fixtures, not so attached to the freehold as to become

Moore *a.* Wood.

a part of the realty. The chimney was a thing somewhat different, and in its nature partook more of the character of a fixture than the other articles, for it was built of brick and mortar, was sunk some three feet in the ground before it came to a secure foundation, contained some 1200 brick, and projected up through the roof of the building, where they were connected together. It was not movable without taking it down, and was in every respect a ponderous structure. Nevertheless, under the circumstances of the present case, it was not a fixture. The rigor of the ancient law of fixtures has yielded, and must continue to yield, to the contingencies of modern times. The law must take notice of trade and manufactures and their wants, and afford to them adequate and appropriate protection. A steam-engine is a ponderous article. Parts of it must be affixed to the freehold by solid masonry. It must have a furnace constructed of brick, the foundation of which must be sunk into the ground. No one at the present day would regard such an erection by a tenant for the purposes of trade immovable, and a part of the realty. So with the chimney, which is a part, and a necessary part, of the same structure. The tenant who erects it has a right to remove it. It is no part of the freehold or realty.

In regard to the conversion, the acts of the defendant amount to what the law denominates a conversion. He claimed the property as his own. He refused to allow the plaintiff and his servants to remove it. The plaintiff was removed from the premises against his will, by an officer with the process of the law, who had the positive direction of the defendant not to permit the plaintiff to remove the shafting, the chimney, or the belting. This order the officer executed at the same time that he executed his process of removal. This claim and dominion of the property, in hostility to the rights of the plaintiff, amounted to a conversion.

Evidence was given of the value of the various articles converted, and also of their original cost. The value of the chimney as it stood was also proved, as well as the number of brick it contained, and the value of the brick per thousand. I see no objection to this kind of evidence, because it all had a tendency to instruct the mind of the jury upon the amount of the damages which the plaintiff was to recover. The radical error, however,

in regard to the measure of damages is, I think, in the charge of the court. The jury were instructed " that in assessing the plaintiff's damages for the detention of the property, the rule was the value of the property at the time of the conversion, or at any time thereafter; and in arriving at that value they had a right to take into consideration its cost, and its value for the purposes for which it was used, and in the situation and position in which it was at the time of the conversion; and also its value to be taken away and removed from the premises." To this direction the defendant's counsel excepted. This part of the charge neutralized itself, for the value of the purposes for which it was used, and in the situation and position in which it was at the time of the conversion, was a very different sort of value from its value to be removed and taken away from the premises. The jury were not told which value they were to adopt, and had there been nothing further, perhaps no real error would have been committed. The defendant claimed and had a right to have something more direct and unequivocal. They requested the court to charge " that the jury could, in assessing the plaintiff's damages, only take into consideration the value of the property with a view to its removal from the defendant's premises." The court refused so to charge, and the defendant's counsel excepted. This was not an action for a wilful or malicious trespass. It was an action to try the right to the property and recover its value. Not its value to remain where it was upon the defendant's premises, for in that place it had no value whatever to any one but the defendant, or some person to whom he might demise or convey the premises. It was the value of the property for the purpose of removal, because the plaintiff's interest consisted in his right to remove it, and the right of property in it after its removal. His interest in the chimney, for example, resolved itself into the value of the brick and other material of which it was composed, because the chimney was incapable of being removed except as brick and material, and incapable of enjoyment by the plaintiff where it stood. The value of the property to be removed, encumbered with the obligation to remove it, with the interest thereon from the time of the conversion, was the true measure of the plaintiff's damages. This instruction the judge was asked to give the jury, which he declined. They were therefore under an obligation

to regard, and doubtless did regard, this proposition as unsound. What measure they ultimately adopted we do not exactly know, but there is reason to think they did not adopt the true one.

For this reason alone there should be a new trial, with costs to abide the event, and to that end the judgment should be set aside.

---

## SCHLUSSEL *a.* WILLET.

*Supreme Court, First District; General Term, September,* 1861.

ATTACHMENT.—SHERIFF.—FRAUDULENT CONVEYANCE.—
VARIANCE.

Where a sheriff, acting under an attachment issued as a provisional remedy under the Code before judgment, has seized property claimed by a third party under an assignment from the defendant in the attachment, and judgment has been subsequently recovered in such action against the defendant, the sheriff and the plaintiff in the attachment may show, in defence of an action against them to recover the property, that the alleged assignment was fraudulent and void.[*]

Where such judgment was not recovered until after the action brought to recover the property was at issue, and the fact was not set up by pleading, but it appeared that the plaintiff was aware of its existence, and on the trial admitted the fact,—*Held,* that the omission to plead the fact might be disregarded, as an immaterial variance.

An assignment for benefit of creditors, which authorizes the assignee to manage and improve the assigned estate, renders the assignment on its face fraudulent and void.

Appeal from a judgment.

This action was brought by the plaintiff, as assignee of one Meyer, against Willet as sheriff, and A. S. and M. S. Herman, to recover property seized by the sheriff under an attachment issued as a provisional remedy under the Code of Procedure, in an action against Meyer in favor of defendants Herman, upon a claim for merchandise sold said Meyer prior to his assignment.

---

[*] Compare Jacobs *a.* Remsen, *Ante,* 390 ; and Thayer *a.* Willet, 9 *Ib.,* 325 ; Hall *a.* Stryker, *Ib.,* 342 ; and see Clute *a.* Finch, 25 *Barb.,* 428.