GERTRUDE W. STARKEY, Respondent, *v.* JOHN KELLY, Appellant.

The fact that at the time of making an ante-nuptial contract the intended husband is indebted to a large amount does not, in the absence of fraud, invalidate the contract.

In an action for the unlawful taking and conversion of a quantity of household furniture, including carpets, etc., upon the question of damages as to the carpets, the court charged that the rule was, "what would be the value to a party if he wanted to get the same articles again." *Held*, no error; that it was proper to include not only their worth in market, but also the value of the labor in cutting, making and putting down.

(Argued November 20, 1872; decided November 26, 1872.)

APPEAL from judgment of the General Term, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for an alleged unlawful taking and conversion of a quantity of household furniture.

Plaintiff was the wife of Marquis D. L. Starkey. Prior to their marriage the ante-nuptial contract was executed, by which said Starkey agreed to provide plaintiff with money sufficient to purchase a house and lot and furniture for the same. In accordance with the agreement a house was purchased, and also the furniture in question, which was placed therein. The same was levied upon by defendant, as sheriff, by virtue of an execution issued to him upon a judgment against said Starkey. Evidence was given, upon the part of defendant, tending to show that at the time of the purchase Starkey was largely indebted, and that the debt upon which the judgment was rendered then existed, and upon the part of plaintiff that Starkey was then worth $350,000 over all his debts. The court below charged that if the ante-nuptial contract was in reality executed, as claimed, prior to the marriage, and the goods were afterwards bought under it, there was no defence to the action; also, in reference to the carpets, that the rule would be, what would be the value to a party if he wanted to get the same articles again; that the jury must get at the value the best way they can. To these portions of the charge defendant's counsel excepted.

*Held*, that the ante-nuptial contract was valid, unless tainted with fraud, which was not shown. That the fact that the intended husband was indebted to a large amount, did not invalidate it; and whether his indebtedness exceeded his assets or not was immaterial; it did not prevent the making of a valid contract. That the charge, therefore, in reference to

the contract, was correct, as was also the rule of damages laid down; that as it appeared the carpets were in use in plaintiff's house, they were worth to her not only their value as goods in market, but also the value of the labor in cutting, making and putting down; in fine, just what the same articles would cost in the same place where and condition in which they were taken. That the last clause in the charge was not a direction or permission to speculate or guess at the value, but simply a direction to get at the value from the testimony.

*J. Sterling Smith* for the appellant.

*William A. Coursen* for the respondent.

FOLGER, J., reads opinion for affirmance.
All concur, except GROVER, J., not voting; PECKHAM, J., not sitting.
Judgment affirmed.