## NIMON v. REED.

**Replevin:** DELIVERY BOND: LIABILITY OF SURETIES FOR NON-DELIVERY. In an action to replevy pumping machinery which was in use in a mine, the machinery was left with the defendants upon their executing a delivery bond, on which defendant herein was surety. There was judgment for the return of the property. *Held* that it was not the duty of defendants in the replevin action to remove the machinery from the mine and deliver it above ground to plaintiff, and that for a failure so to do, after tendering it to plaintiff where it was, the sureties on the delivery bond were not liable.

*Appeal from Guthrie District Court.*—HON. J. H. HENDERSON, Judge.

FILED, FEBRUARY 10, 1890.

ACTION upon a bond given in the prosecution of an action of replevin in the state of Colorado. Only one of the sureties upon the bond was served with process or appeared in the case. Judgment was rendered on a verdict against him. He now appeals.

*E. W. Weeks,* for appellant.

*W. H. Stiles,* for appellee.

Nimon v. Reed.

BECK, J.—I. The petition alleges that the bond in suit was given in an action of replevin prosecuted in the state of Colorado; that plaintiff, who was plaintiff in that action, recovered a judgment therein against the defendants in the action for the possession of the property, and also a judgment for the delivery or return of the property whenever a writ was issued for its return; the property having been restored to defendants, after service of the writ of replevin, upon the execution of a bond for its return. The defendant, in his answer, denies all the allegations of the petition, and pleads specially as defenses, among other matters, that the property at all times since the execution of the bond has been in the place and in the condition it was at the time, and that plaintiff could have taken at any time full possession thereof; that the property, being pumping machinery used in a mine, has been in position and condition to be used or operated, and that it may be removed to any place to which the plaintiff may desire to remove it; that defendants in the replevin action, the principals in the bond sued on, have at all times been ready and willing to perform the conditions of the bond, and have offered and attempted so to do, and have tendered the property to the sheriff and the plaintiff. Upon the issues found upon these pleadings, the cause was submitted to the jury. There was evidence tending to show the condition of the property when the bond in suit was given; that it was set up for use in a mine; that it remained in that condition until after the writ for the return of the property was issued, which was not served for the reason set out in the return of the sheriff, which is in the following language: " I do hereby certify that I have demanded of George W. France, one of the within named defendants, the property as described in this, the within writ, also the sum of $152.40, for costs, as I am therein commanded. The said George W. France proposed to go up to the Coon Valley lode mining claim, where he claimed said property was, in the working shaft of said Coon Valley

lode mining claim, and turn the same over to me; but, as the said property was nearly all under water, I could not accept of it in that condition, as the within-named James Nimon, plaintiff, by his attorney, Scott Ashton, would not accept of said property in said condition from me. No property found belonging to the said George W. France or W. S. Harlan, defendants, whereby I make the said $152.40, or any part of the same; and, as this writ has expired, I hereby return the same to the court from which it was issued." Evidence was also introduced tending to show that defendants in the replevin action tendered the property, or offered to deliver it, to plaintiff. The district court directed the jury in the following language : ".A mere tender, and the direction as to where the property was, is not a sufficient compliance with the terms thereof, nor would the plaintiff be required to be at any expense in finding or securing said property; but, under bond, the parties thereto were to deliver the same to him. The proof in this case does not show a delivery of the property in compliance with the terms and condition of the bond. The testimony shows that on the date of the trial wherein a judgment for the return of the property was rendered the principals on the bond in suit offered to return the property, and that thereafter the only reason shown for its non-delivery was the refusal to accept of the property in the mine where it was situated; and that a writ had been issued for the return of the property. Such facts constitute in law a demand and a refusal, and entitle the plaintiff to recover on the bond in suit. The plaintiff is therefore entitled to recover of the defendant on the bond in suit to the amount of said bond, to-wit, eight hundred and seventy dollars, with six per cent. interest from the thirtieth day of July, 1883, until the day of the rendition of your verdict; and you will therefore return your verdict in said sum."

II. The court below, it will be noticed, instructed the jury that upon the facts proved they should find

for plaintiff. The instruction is clearly erroneous. The controversy between the parties clearly rested upon one question, viz., whether the defendant in the replevin action was by the law required to remove the machinery from the shaft of the mine, and deliver it above ground to plaintiff. Defendant found the machinery in the mine. It was put there for use connected with the mine. It does not appear that it was ever the purpose of defendants to remove it from the mine, or that he was under any obligation, created by law or contract, to remove it. Surely the evidence submitted to the court does not authorize the conclusion that the defendants were bound to deliver the machinery to plaintiff above ground, or at any other place than just where it was put for use. We think the district court's conclusions upon the facts are wrong.

III. They are erroneous for another reason. The evidence upon which rested a determination of the questions as to the place at which the delivery should be made, and the manner thereof, and whether there was a tender, should have been submitted to the jury for findings of the facts. But the court assumes to discharge the functions of the jury, and find the facts. The issues involving the facts should have been submitted to the jury, under proper instructions.

Other questions discussed by counsel need not be determined. For the errors pointed out, the judgment of the district court is                    REVERSED.