(12 App. Div. 608.)

### JOHNSTON v. ALBANY DRY-GOODS CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1897.)

DAMAGES—MEASURE—CONVERSION.

The measure of damages for the conversion of store fixtures having no market value is their value to the owner after removal, without reference to their value in position to the occupant of the place where they are, if the owner has no right longer to retain or use them there, and the only conversion is preventing him from removing them.

Appeal from circuit court, Albany county.

Action by Robert Johnston against the Albany Dry-Goods Company to recover $11,000 for the conversion of furniture and fixtures. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, PUTNAM, and MERWIN, JJ.

Hun & Johnston (Marcus T. Hun, of counsel), for appellant.
Samuel H. Randall, for respondent.

HERRICK, J. Much of the property for whose alleged conversion this action is brought consists of shelving, counters, closets, and fixed stools, constituting the interior furnishings and business equipment of a dry-goods store, and alleged to have been placed there by the plaintiff, and at his expense, when he was an occupant of the store, as a tenant, some years prior to the commencement of this action. The plaintiff sold out the stock of goods, and left the store with such property in it; and it appears to have been in the use and possession of successive tenants down to the time when the defendants entered into possession of such store, as tenants, with the property therein, which it is alleged they refused, upon demand being made therefor, to deliver to the plaintiff. Evidence was given upon the trial as to the cost of making and placing such articles in the store, the value of such property then and there at the time of the conversion, and also evidence as to the value of such property when taken out of the store, and some evidence as to the expense of removing portions of such property. In its charge to the jury, the court said:

"What is this property, and what is it worth? Now, that is a question for you, more than it is for me. You have heard this great mass of testimony with respect to it. What do you think it is worth, gentlemen? You take the sched-

ule that has been given here in evidence, and I suppose there will be no objection to taking the schedules which have been prepared by counsel, setting forth the testimony of the different witnesses; and from the schedules, and from your judgment as to what the property is worth, if you find that the plaintiff is entitled to recover, you will fix the value, and the amount of the verdict which should be given to him. Now, that is all I need say in regard to the case. The question of the property and the value is for you, and not for me, and I am not going to comment upon this question."

The counsel for the defendant made requests to the court to charge as follows:

"Defendant's Counsel: I ask your honor to charge that the basis of any recovery in this action must be upon the market value of this property on the 12th day of March, 1892, and that its then value, and not its cost value, is to determine the amount of recovery, if any, to which the plaintiff is entitled in this action. The Court: I so charge. It is the value at that time, and not its present value, nor its original value. Defendant's Counsel: I ask your honor to charge that the value of the property, of the 12th of March, 1892, was its value as it would exist when taken out from these premises. The Court: I decline so to charge. A wrongdoer cannot reduce the value of property which he appropriates by charging the true owner with the expense of removal. Defendant's Counsel: I ask your honor to charge that the value of this property is to be determined by its actual market value, with the addition of the cost of removal of the furniture or fixtures from this property, on the 12th day of March, 1892, to some other place; that they cannot recover, in other words, more, in this action, than the market value of that property on March 12, 1892, plus the cost of removal of it on the 12th of March, 1892. The Court: I have charged, its value is the value then and there. How the purchaser is to get it and get it away will vary with different purchasers, possibly. The jury are to ascertain, as near as they can, the value then and there. Defendant's Counsel: I ask your honor to charge that that value is to be determined without reference to what its value would be if it was to be left in these premises, and to be used upon the premises. The Court: I decline to charge it. Defendant's Counsel: I ask your honor to charge that, under the circumstances of this case, the value of this property is to be determined without reference to what its value would be if it was used in, or to be left upon, the premises. The Court: I decline so to charge. The Court: But I do charge that the value of this property, assuming that the defendant is liable for it, is just the sum which the defendant ought to have paid Robert Johnston for it on that day."

All these rulings upon the requests to charge were excepted to by the defendant's counsel.

It is laid down as a general rule that the measure of damages in cases of conversion of personal property is the value of such property at the time and place of conversion, except when punitive damages are given for the purpose of punishing the wrongdoer for a malicious and wanton act. The theory is simply of compensating the owner, who has been deprived of his property, by giving him its value. Ordinarily that is determined by its market value. There are exceptional cases, however, when that will not afford the measure of relief to which the party is entitled. In this case there is no pretense on either side that there was any market value for these particular articles at the time and place of conversion, so that that cannot be resorted to in determining either party's rights in this case. The plaintiff was entitled to the possession of his property, not to remain upon the premises of the defendant, but to take it away from there. His property right in it consisted in his right to remove it, and the right of property in it after it was removed. In determining its

value to the plaintiff, we are not to gauge it by what it was worth to the defendants, constructed in their store and in use in their business, as it was, but by what its value would be to the plaintiff when removed therefrom. The defendants, by converting, did not deprive him of any value in it as it then was in their store, but of the value it would have to him after he had possession of it, and removed it therefrom. This is not like the case of one who has taken property, and removed it from where it rightfully belongs to another place. In that case the charge of the court, that "A wrongdoer cannot reduce the value of property which he appropriates by charging the true owner with the expense of removal," would be applicable; but this is a case where the alleged convertors found the property where it now is, and their conversion of it simply consists in preventing its removal therefrom. It is in a place where the alleged owner has no longer the right to keep it, and from which he must remove it, to reduce it to his own possession, and avail himself of his right of property in it. "When the property so in place can no longer be there used by the owner, and is subject to summary removal, its value will be estimated, in case of conversion, with reference to these facts. It will be estimated with reference to the condition in which the property will be when removed, or as subject to the obligation or necessity of removal." 3 Suth. Dam. § 1114; Moore v. Wood, 12 Abb. Prac. 393. I think, therefore, that the court erred in refusing to charge the jury that the value of the property on the 12th of March, 1892, was the value as it then existed, when taken out from these premises, and in declining to charge that that value is to be determined without reference to what its value would be in these premises, and to be used upon the premises, and in declining to charge that, under the circumstances of this case, the value of the property is to be determined without reference to what its value would be if it was to be used in, or be left upon, the premises. The fact of these refusals to charge, coupled with what the court did charge, it seems to me, gave the jury to understand that they had the right, as a measure of damages to be given to the plaintiff, to award the value of such property as it was then and there, in use by the defendants. And it would appear from the verdict that was rendered that the charge was probably so construed by the jury, and that they measured their verdict accordingly, and I do not think that the error was cured by the reduction made by the court; and for such error the judgment should be reversed. Having arrived at this conclusion, it is unnecessary to discuss the other questions upon this appeal.

Judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.