(119 App. Div. 850)

ATLANTIC REALTY CO. v. WLODAR et al.     In re TOBENKIN.
TOBENKIN v. O'BRIEN.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

RECEIVERS—ACTIONS—LEAVE TO SUE RECEIVER.

 Where leave to sue a receiver in foreclosure was given a person who wished to obtain possession of personal property which had been delivered to the mortgagor, but title retained until paid for, it was error to afterwards stay proceedings brought thereunder, and limit the permission given to the bringing of a proper action in equity; neither the person suing nor his assignor having been a party to the foreclosure proceedings, and there being no equitable action that could be brought.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Receivers, §§ 333–343.]

Appeal from Special Term.

Foreclosure proceedings by the Atlantic Realty Company against Joseph Wlodar and others, in which Henry Tobenkin applies for leave to sue Edward D. O'Brien, receiver of the mortgaged premises. From an order staying proceedings brought by him, and modifying an order previously made permitting him to sue, he appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

J. A. Seidman, for appellant.
O'Brien & Sanford (T. C. Van Der Veer, of counsel), for respondent.

PER CURIAM. On the 30th day of November, 1906, in an action brought by the Atlantic Realty Company against Joseph Wlodar and others for the foreclosure of a mortgage on certain premises located at the intersection of Audubon avenue and 180th street, in the city of New York, Edward D. O'Brien was appointed receiver, for the benefit of the plaintiff, of the rents and profits of the said mortgaged premises, and to retain the same until the sale of the premises under the judgment to be entered in the action, and then, after deducting his proper fees and disbursements, to apply the said moneys to the payment of any deficiency there may be directed to be paid to the plaintiff in and by said judgment, and, in case there be no deficiency, that he retain the money in his hands until the further order of the court in the premises. It appeared that the United States Gas Fixture Company had delivered to the owner of the property, Joseph Wlodar, certain gas and electric fixtures and chandeliers under a conditional contract for the sale thereof, whereby·title to said fixtures was to remain in the said United States Gas Fixture Company until paid for, and that the amount due thereon was $762. The gas fixture company, after certain negotiations by which it sought to obtain payment for the said articles delivered to the building, informed the receiver that an action would be commenced to replevin said fixtures unless some arrangement could be made for a settlement, and to° this the receiver replied that he could not pay any money without an order of the court, and that the gas fixture company, if it so desired, would have to commence an action in replevin, and stated that it might be well to make him a party to the proceeding. Thereafter the ·United States Gas Fixture Company assigned its cause of action to the appellant, Tobenkin, who obtained an ex parte order from the Special Term of the Supreme Court allowing said Tobenkin to sue said O'Brien, as receiver. Thereafter an action in replevin was instituted in the City Court of New York, in which action the receiver appeared and interposed an answer. On the 18th day of April, upon the application of the respondent, the Special Term of the Supreme Court made an order which provided that the previous order of the Special Term giving the appellant leave to sue be modified, so as to limit the permission therein given to bring an action against said receiver to a proper action in equity, stayed the proceedings in the action in replevin brought in the City Court, directed the sheriff not to execute any writ of replevin in said action and to return to the possession of said receiver any property which he may have taken from his possession by virtue of any such writ, and ordered that the appellant pay said sheriff his proper fees due him by reason of the issuance of the writ against the receiver, from which order this appeal is taken.

The United States Gas Fixture Company was not made a party to the action in foreclosure. Its claim to the possession of the personal property was based upon the fact that, notwithstanding its delivery under the conditional contract of sale, it continued vested with the title to said property until paid therefor. This is the claim assigned to the appellant. We know of no action in equity which the said United States Gas Fixture Company, or its assignee, under the facts disclosed by these papers, could institute. The issues involved can be properly disposed of in the replevin action.

The order limiting the leave to sue and staying proceedings was clearly erroneous, and therefore should be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs.