In re WALKER'S ESTATE. ETHRIDGE et al., RESPOND-
ENTS, v. McCABE, ADMINISTRATOR, APPELLANT.

(No. 8,100.)

(Submitted July 29, 1940. Decided October 2, 1940.)

[106 Pac. (2d) 341.]

Cause submitted on briefs of counsel.

*Mr. Roy A. Michaud* and *Mr. D. H. Morgan,* for Appellant.

*Mr. William R. Taylor* and *Mr. John A. Stagg,* for Respondents.

*Mr. Ralph J. Anderson,* Counsel for the State Board of Equalization, appearing as *Amicus Curiae.*

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal by the administrator from an order directing the sale of certain mining claims in the Estate of Charles F. Walker, deceased. The controversy is between the heirs and the administrator. The petition filed by the heirs for the order directing the sale, discloses that the time for filing claims against the estate has expired and that all debts of the estate have been paid, and that there are ample funds on hand to pay the inheritance tax, expenses of administration and whatever might reasonably be expected to be fixed as the administrator's and attorney's fees. The claims sought to be sold have been the subject of two appraisals, the first fixing their value at $9,000 and the second at $11,000.

The petition for the sale was made by all the heirs and alleges the reason for the sale to be that the heirs, twelve in number, and each entitled to a one-twelfth interest in the estate, are widely scattered in different states and in Canada, and there would be "embarrassment and hardship in the management of the claims" if they were distributed to the heirs; that petitioners believe "it is to the best advantage, benefit and best interests of the estate and those interested therein" that the property be sold at public auction; that if the property were distributed to the twelve heirs they would be subject "to great expense in handling" the claims; that the disposition of a one-twelfth interest by each heir would be unprofitable and

"for said reasons it is to the best interest of all concerned that the foregoing patented mining claims be sold at public auction."

The petition further sets forth that the property cannot be sold for more than $1,000 and that it is to the best interest and benefit of the estate that the true value of the claims be "determined by the sale thereof in order to set a just amount to be paid as the administrator's fees and attorney's fees for the settlement of the estate."

It is alleged that an attempt was made to sell the property at private sale pursuant to court order, but the attempt was futile since no purchaser could be found who would pay ninety per cent. of the appraised value of the property.

The administrator filed objections to the making of an order of sale upon the ground that the court had no jurisdiction to make an order of sale since all debts had been paid and there were ample funds on hand to pay the charges and expenses of administration and all fees remaining unpaid.

The administrator also filed an answer containing admissions of most of the allegations of the petition, but denying all allegations to the effect that it would be to the best interests of the estate and those interested therein that the property be sold. It also contained an affirmative defense, the important part of which was to the effect that the claims have been fairly appraised and are reasonably worth the amount set forth in the inventory and appraisal; that owing to the low price of metals and minerals there is no present market for mining property, and that a sale at public auction would bring no more than a nominal amount of the real value of the claims; that the heirs can best promote a private sale of the property through a representative in Deer Lodge county, and that a sale at public auction would be detrimental to the estate and those interested therein.

After hearing, the court ordered the administrator to sell the property at public auction. This appeal is from that order.

Sections 10210 and 10216, Revised Codes, provide that the real estate of an estate may be sold when it appears to the satisfaction of the court that it is for the advantage, benefit

and best interests of the estate and those interested therein. Section 10211 provides that if the order of sale is petitioned for on the ground that it is for the advantage, benefit and best interests of the estate and those interested therein that a sale be made, the petition must set forth in what way an advantage or benefit would accrue to the estate and those interested therein. It then provides that the failure to allege facts showing the necessity will not invalidate the sale if the defect be supplied by proofs at the hearing and "the general facts showing such necessity" are stated in the order. The transcript on appeal does not disclose what facts were presented at the hearing; nor does the order contain a general statement of facts showing such necessity sufficient to cure the defect in the petition, if it is defective. The only recitation in the order is that from the proof it appears "to the satisfaction of the court that it is to the best interest of the estate and those interested therein that the real estate be sold." We then must look to the allegations in the petition to determine the facts upon which the order was based, for under section 10211, in order for the proofs to supply deficiencies in the petition as to the necessity for a sale, the order must recite the facts showing such necessity.

The petition alleges the "benefit" or "advantage" to the estate and the persons interested therein to be in two particulars: First, that a sale now by the administrator would save much hardship, embarrassment and expense for the heirs; second, that a sale now would fix the real value of the mining claims and thereby reduce the administrator's fees.

The sufficiency of the petition rests upon whether either of the reasons shown is among those contemplated by sections 10210 and 10216 of the Revised Codes. (See 2 Bancroft on Probate Practice, sec. 568, and *In re Rawitzer's Estate,* 175 Cal. 585, 166 Pac. 581.)

We cannot hold that the sale by the administrator under the facts alleged here would in any manner alleviate the embarrassment, expense or hardship to the heirs. The heirs can sell by public auction or otherwise either before or after distribution, and accomplish the same result as by a sale by the administra-

tor. (*In re Estate of Deschamps,* 65 Mont. 207, 212 Pac. 512.) They can as easily appoint an agent to sell the property for them as to petition the court for an order directing the administrator to sell.

The second fact alleged in the petition as a reason for the sale is that it will benefit the estate by reducing the administrator's fee. In some states the appraised value of real estate is only prima facie evidence of the actual value of the property, and when the fact of value is placed in issue at the final account, the question becomes one of fact for the court to determine on all the evidence. (*In re Hagerty's Estate,* 97 Wash. 491, 166 Pac. 1139.) And if the real value is different from the appraised value, the administrator's fee should be based upon the real value as the court finds it to be. (*In re Johnston's Estate,* 107 Wash. 25, 181 Pac. 209; *In re Pringle's Estate,* 51 Wyo. 352, 67 Pac. (2d) 204, 110 A. L. R. 987.) Under our statute, section 10282, the administrator is chargeable in his account with the whole of the estate of the decedent which may come into his possession, "at the value of the appraisement contained in the inventory, except as provided in the following sections."

Section 10283 provides that if any of the estate is sold "for less than the appraisement, he is not responsible for the loss, if the sale has been justly made." Section 10287 provides that the administrator "must be allowed commissions upon the amount of the estate accounted for by him," based upon the schedule therein provided. None of these sections infer that a sale may be made solely to reduce the administrator's fee. If grounds exist for a sale, and one is actually and justly made, then the sale price fixes the value on which the administrator's fee is based.

But the statute does not attempt, directly or indirectly, to say that a sale of real estate may be made solely to reduce the value of the property on which the administrator's fee should be based. It is doubtful whether the small amount to be saved to the heirs by reducing the administrator's fee would compensate for the loss of the property to them by selling at a

forced public sale at a stated time. It would seem reasonable to suppose that by taking more time to accomplish a sale by private and voluntary negotiations enough more could and would be obtained for the property to more than offset the added administrator's fee. In any event it does not follow that the heirs are without remedy so far as contesting the amount of the administrator's fee is concerned.

We have said that fraud vitiates everything. (*State ex rel. Sparrenberger* v. *District Court,* 66 Mont. 496, 214 Pac. 65; *Eskestrand* v. *Wunder,* 94 Mont. 57, 20 Pac. (2d) 622.) If the heirs can show at the time of the settlement of the administrator's account that the appraised value of the mining claims is so out of proportion to the actual value as to indicate fraud in the appraisement, then the court may cause a proper appraisement to be made and cause the administrator's fee to be based thereon.

In regard to the inheritance tax on the estate which it is contended would be reduced upon an actual sale of the property, it is sufficient to say that nothing would be accomplished by a sale in the way of reducing the amount of the tax. The tax is computed upon the clear market value of the property passing at the time of death. (Sec. 10400.1, subd. (8); sec. 10400.5, Rev. Codes; see, also, *I. Lanenbaum Son & Co.* v. *C. Ludwig Baumann & Co.,* 261 N. Y. 85, 184 N. E. 503, 86 A. L. R. 102, 103, and *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122.) If the appraised value is not satisfactory, a re-appraisal may be had under our statutes on inheritance taxes. (Secs. 10400.17 and 10400.18, Rev. Codes.)

No contention is here made that sections 10205 to 10209, relating to the sale of mining property, are the applicable statutes. If we resort to those sections as the controlling statutes, still we would be obliged to hold that the sale was unauthorized. Those sections were not attempted to be complied with.

For some reason not apparent in the record, the court saw fit to order publication of the order to show cause. Presumptively sufficient cause was shown to the court to require service

of the order to show cause by publication. Instead of ordering it published for four weeks, as provided under section 10207, it was ordered to be, and was actually published for only two weeks, as provided in section 10213.

The order of sale, whether based on sections 10210 et seq., or sections 10205 to 10209, was without jurisdiction of the court. The order is reversed and the cause remanded, with direction to vacate the order appealed from.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS and ERICKSON concur.

MR. JUSTICE ARNOLD, deeming himself disqualified, takes no part in the foregoing decision.