CARROLL, Judge.
Appellant sued appellee for rent under a lease of store premises and was awarded a summary judgment for $861. The appellee-lessee counterclaimed for damages for conversion based upon lessor’s refusal to allow removal of certain improvements as agreed.[1] On trial of the counterclaim the lessee received a verdict for $2,000 plus costs.[2] Final judgment was entered in favor of the defendant for that amount less the $861 which had been awarded to the lessor. On this appeal the plaintiff-lessor seeks reversal of the judgment on the counterclaim. We affirm the judgment as to liability but must reverse and remand the cause for new trial on damages on the counterclaim. The trial court was in error in permitting the counterclaimant to present, as evidence of the value of the personal property involved,[3] the cost thereof including the cost of installation. Appellee’s testimony of the cost of the improvements was objected to, and the failure to prove market value was assigned as error and argued in appellee’s brief. The lessee had departed the premises, and his claim for damages was based on the lessor’s refusal to permit lessee to remove this personal property from the leased premises. Therefore, lessee was deprived of second hand or used property at its value after removal from the premises.[4] For that reason, the cases relied on by ap-pellee for the proposition that original cost may be shown in proof of value are not applicable. Counterclaimant presented no evidence of value, with the exception of a valuation of $250 based on certain miscellaneous unattached articles referred to in subparagraph (e) as listed in footnote No. 1. A witness produced by counterdefend-ant testified with reference to the value of the property upon being removed, and valued all of it at $95 on that basis, not including the $250 miscellaneous items. The jury award of $2,000 for the personal property was such as to show that it was against the manifest weight of the evidence or was improperly based on the cost evidence and not on its value as used property after removal.
Accordingly the judgment appealed from is affirmed in part and reversed in part and remanded for new trial on damages on the counterclaim.

.The personal property on which the lessee’s claim of conversion was based was set out in the counterclaim as follows:
“3. That thereafter the Defendant made numerous improvements thereon including the following:
“a. Installed work benches, shelving and peg boards.
“b. Installed 8 fluorescent light fixtures.
“c. Installed front counter and glass sliding windows.
“d. Installed canvas awning around two sides of building.
“e. Miscellaneous parts, equipment and tools are still on the premises”

. The same property brought $100 on execution sale held under the plaintiff’s summary judgment.

. The recognized measure of damages in an action for conversion of personal property is the value of the property at the time and place of conversion, with interest to the date of the verdict. See Pettigrew v. W. H. Development Co., Fla.App.1960, 122 So.2d 813; McCormick, Damages, § 123 (1935).

. See I. Tanenbaum Son & Co. v. C. Ludwig Baumann & Co., 261 N.Y. 85, 184 N.E. 503, 86. A.L.R. 102 (1933)..