GLICKSTEIN, Judge.
The landlord here appeals from a final judgment in favor of its tenant. It raises three points, the latter two of which have merit.
The first is that the trial court erred in finding that the improvements to the shell were the property of the tenant. Paragraph 49 of the lease clearly supports the trial court's conclusion that the property was the tenant’s. It provides:
49. END OF TERM: At the expiration of this Lease, whether according to its terms or as the result of the occurrence of an event herein stipulated, as terminating the Lease, or as the result of the exercise of any option to terminate this Lease which may be vested in the Landlord, Tenant shall surrender the Demised Premises in the same condition as it was upon delivery of possession of the Demised Premises to the Tenant, reasonable wear and tear excepted and Tenant shall deliver all keys and combinations to locks, safes and vaults to Landlord. Before surrendering said premises, Tenant shall remove all its personal property, trade fixtures, additions and decorations and shall repair any damage caused by such removal and replace any materials, decorations or fixtures which were in the premises and were the property of the Landlord and removed by the Tenant to be replaced with Tenant’s own fixtures. Tenant’s obligation to perform this provision shall survive the end of the term of this Lease and if Tenant fails to remove its property upon the expiration of this Lease, the said property shall be deemed abandoned and shall become the property of the Landlord. The Landlord shall, nevertheless, be entitled to perform the obligations of Tenant under this paragraph at Tenant’s expense, and Tenant shall be liable to Landlord for all reasonable costs incurred by Landlord in the performance of such obligations.
The second is that the trial court erred in dismissing the landlord’s complaint. While that is true, the error is harmless because the trial court found rent to be due the landlord in its computations. On remand, however, the landlord is entitled to an evidentiary hearing upon its attorney’s fees and costs for collection of the rent. Both parties have prevailed here under different provisions of the lease. The trial court properly ordered fees and costs *753 to the tenant for the landlord’s prevention of the tenant’s removing his property.
The third is that the measure of damages used by the trial court for the tenant’s property was incorrect. We agree, and remand for an evidentiary hearing to determine the value in accordance with the proper standard; namely, the value of secondhand improvements to be taken out of the building.
Appellant cites as authority Stein v. McDonald, 149 So.2d 77 (Fla. 3d DCA 1963). In Stein, the lessor sued for rent due under the lease and the lessee counterclaimed for damages for conversion based on the lessor’s refusal to allow removal of certain improvements. The appellate court held the lessee was deprived of secondhand or used property at its post-removal value, and it was error to receive testimony of the improvements’ cost, including installation, as evidence of the value of the property involved. The proper measure of damages, according to Stein, for conversion of personal property, is the property’s value at conversion plus interest to the date of the verdict. Id. at 78 n. 3. We would enlarge on this to say, in the case of improvements that, but for lease provisions, would be part of the realty, the value as personal property must be the value it would have had at the time of conversion if detached from the realty. Appellant also calls attention to the statement in Allied Van Lines, Inc. v. McKnab, 331 So.2d 319, 320 (Fla. 2d DCA 1976), that the proper measure of damages for loss of personal property is its market value at the time of its loss.
Affirmed in part, reversed in part and remanded for further proceedings as stated above.
ANSTEAD, J., and GODERICH, MARIO P., Associate Judge, concur.